**The relief described hereinbelow is SO ORDERED.**

**Signed July 31, 2025.**

_____
**CHRISTOPHER G. BRADLEY
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| AUSTIN WATERJET, INC.[1] | § | Case No. 25-11027-cgb11V |
| | § | |
| Debtor. | § | Subchapter V |

### FINAL ORDER AUTHORIZING PAYMENT OF CRITICAL VENDORS

CAME ON FOR CONSIDERATION the *Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Payment of Critical Vendors* (the "**Motion**") filed by Austin Waterjet, Inc. (the "**Debtor**"), the debtor and debtor-in-possession in the above-captioned bankruptcy case (the "**Bankruptcy Case**"). Finding that notice and service of the Motion and the hearing thereon were sufficient and appropriate under the circumstances, and, based on the record at the hearing, that the relief requested in the Motion is lawful, appropriate, and necessary to prevent immediate and irreparable harm, and is in the best interests of the estate, it is hereby:

ORDERED that the Motion is GRANTED; it is further

---

[1] The last four digits of the Debtor's EIN are (2174) and the Debtor's mailing address is located at 8510 Lava Hill Road, Austin, Texas 78744.

-1-

ORDERED that the Debtor is authorized, but not directed, to pay the Critical Vendor Claim's in accordance with Exhibit A attached hereto; it is further

ORDERED that each Critical Vendor which receives any payment on account of its Critical Vendor Claim is required, to the extent applicable, to continue to extend trade credit, goods, and services as the case may be, to the Debtor, on the same ordinary business terms as existed between the Debtor and the Critical Vendor on a prepetition basis, including, but not limited to, any applicable credit limits, the pricing of goods and services, and the provision of equivalent levels of service, on terms at least as favorable as those extended prepetition or on such other terms that are acceptable to the Debtor in its sole discretion and business judgment, until the Debtor exits its Bankruptcy Case (the "**Trade Terms**"); it is further

ORDERED that if a Critical Vendor accepts payment on account of a Critical Vendor Claim and fails to provide the Debtor with the requisite Trade Terms, then (a) any payment received with respect to such Critical Vendor Claim shall be deemed an unauthorized postpetition transfer under 11 U.S.C. § 549 and the Debtor may either (i) recover from the Critical Vendor in cash or goods, or (ii) at the Debtor's option, apply against any outstanding administrative claim held by such Critical Vendor; and (b) upon recovery of any Critical Vendor Claim, the corresponding prepetition claim of the Critical Vendor shall be reinstated in the amount recovered by the Debtor, less the Debtor's reasonable costs to recover such amounts; it is further

ORDERED that notwithstanding anything contained in this Order, any payment to be made, and any relief or authorization granted herein, shall be subject to the terms and conditions of any interim or final order entered by the Bankruptcy Court authorizing the Debtor's use of cash collateral (each such order, a "**Cash Collateral Order**"). To the extent there is any inconsistency

-3-

between the terms of a Cash Collateral Order and any action taken or proposed to be taken hereunder, the terms of the Cash Collateral Order shall control; it is further

ORDERED that the contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b); it is further

ORDERED that, notwithstanding Federal Rule of Bankruptcy Procedure 6004(h), the Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion, immediately upon the entry of this Order; it is further

ORDERED that the Court shall retain continuing and exclusive jurisdiction to hear and determine, on a final basis, all issues and controversies arising in, arising from, or related to the enforcement, implementation, and interpretation of this Order.

# # # END OF ORDER # # #

Prepared by:

Davor Rukavina
Texas Bar No. 24030781
Jacob J. King
Texas Bar No. 24136951
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard St., Ste. 4000
Dallas, Texas 75201
Telephone: (214) 855-7500
Email: drukavina@munsch.com
          jking@munsch.com

**PROPOSED COUNSEL FOR THE DEBTOR
AND DEBTOR-IN-POSSESSION**

| Critical Vendors | |
|---|---|
| 3P Industries | $ 2,378.60 |
| Air Products and Chemicals | $ 4,147.34 |
| Airgas an Air Liquide Co. | $ 4,712.54 |
| Amada America Inc | $ 10,959.34 |
| Amada Parts Invoices | $ 21,385.13 |
| Amazon Business | $ 795.60 |
| AmeriGas | $ 622.31 |
| H2O JET INC. | $ 1,509.01 |
| JBA Delivery | $ 4,486.00 |
| McMaster Carr | $ 4,611.29 |
| Phoenix Metals Company | $ 1,433.63 |
| Ryerson | $ 11,087.27 |
| Total | $ 68,128.06 |